# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN LEE STUCKEY,** | **CIVIL NO. 1:11-CV-436** |
| **Plaintiff,** | |
| v. | |
| | **(Magistrate Judge Carlson)** |
| **D. BLESSING, et al.,** | |
| **Defendants.** | |

## MEMORANDUM OPINION AND ORDER

### I. Statement of Facts and of the Case.

The plaintiff, Kevin Lee Stuckey, is a state prisoner who as a *pro se* litigant filed a civil complaint, which he later amended, against various correctional defendants at the Snyder County prison arising out of a July 2010 incident in which Stuckey asserts that he was assaulted by a number of correctional staff. (Docs. 1 and 35.) The discovery deadline set in this case was October 31, 2011. (Doc. 24.)

That deadline passed without any action on Stuckey's part to extend this discovery deadline, and more than a year has now elapsed. Months after this deadline passed Stuckey filed two discovery motions, (Docs. 85 and 89.), neither of which was *pro se* supported by a brief as required by the Local Rules. While we noted these flaws in Stuckey's belated pleadings, we nonetheless ordered the defendants to respond to these discovery motions. The defendants have responded by objecting that

the requests are untimely, and indicating that much of the requested material either has been previously produced, may not exist, or may not be relevant to the plaintiff's claims. (Doc. 94.)

With respect to these two discovery motions, at the outset we are compelled to note that both motions are clearly untimely. Presented with these tardy, procedurally inappropriate, and perhaps flawed discovery requests, we will exercise our discretion and deny these discovery motions, but without prejudice to revisiting discovery issues in the telephonic case management conference scheduled in this matter, now that the plaintiff has retained, and is represented by counsel.

## II. <u>Discussion</u>

These *pro se* discovery motions, and the defendants' responses in opposition to these motions, call upon the court to exercise its authority to regulate discovery in this case. Issues relating to the scope and timing of discovery permitted under the Rules rest in the sound discretion of the court. <u>Wisniewski v. Johns-Manville Corp.</u>, 812 F.2d 81, 90 (3d Cir. 1987). A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. <u>Marroquin-Manriquez v. I.N.S.</u>, 699 F.2d 129, 134 (3d Cir. 1983).

This discretion is guided, however, by certain basic principles. One essential attribute of the court's discretion in this field is that the court may, and indeed must, set schedules for the completion of discovery. When a party fails to abide by those

schedules the court has the right, and the duty, to impose sanctions for that failure. Those sanctions may, in the discretion of the court, include declining a party's request to compel compliance with untimely and improper discovery demands. Thus, where a party has submitted an untimely discovery request, the court can, and in the exercise of its discretion often should, refuse to compel compliance with that request. See, e.g., Maslanka v. Johnson & Johnson, 305 F.App'x 848 (3d Cir. 2008)(affirming denial of *pro se* litigant motion to compel where discovery demands were untimely); Oriakhi v. United States, 165 F.App'x 991 (3d Cir. 2006)(same); Bull v. United States, 143 F. App'x 468 (3d Cir. 2005)(same). As the court of appeals has noted in rebuffing a similar effort by a tardy prisoner-litigant to compel responses to belated discovery:

> [W]e discern no abuse of discretion with respect to [the inmate-plaintiff's] discovery and trial preparation issues. See Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1310 (3d Cir.1995) (applying "abuse of discretion standard when reviewing orders regarding the scope and conduct of discovery"). [The inmate-plaintiff] filed a motion to compel discovery after . . . after the expiration of the court-ordered discovery period. The record confirms the District Court's conclusion that [the inmate-plaintiff] failed to seek leave of court to extend the discovery period. . . .".

Oriakhi, 165 F.App' x. at 994.

In this case, turning to these *pro se* motion for discovery filed by Stuckey we find that the motions are untimely. Moreover, as the defendants observe in their response to the motion, many of the discovery requests that are the subject of this

motion to compel seek material which may not be relevant or does not exist, and are, therefore, incapable of being responded to in a meaningful way. In short, since these discovery demands are untimely, and for the most part may seek material which may not be discoverable, the proper exercise of our discretion in this field calls for us to deny these discovery motions. See, e.g., Maslanka v. Johnson & Johnson, 305 F.App'x 848 (3d Cir. 2008)(affirming denial of *pro se* litigant motion to compel where discovery demands were untimely); Oriakhi v. United States, 165 F.App'x 991 (3d Cir. 2006)(same); Bull v. United States, 143 F.App'x 468 (3d Cir. 2005)(same).

Yet while we will deny these motions, as filed, we note that the plaintiff is now represented by counsel and we have scheduled a telephonic case management conference in this matter. Therefore, we deny these specific requests but without prejudice to revisiting discovery schedules and issues in this matter, now that the plaintiff has the assistance of counsel.

### III. Conclusion

Accordingly, this 30th day of January 2013, it is ORDERED that the plaintiff's discovery motions, (Docs. 85 and 89.) are DENIED without prejudice to the parties revisiting discovery issues in this case, now that the plaintiff has retained counsel, at the case management conference scheduled by the court.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge