# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN LEE STUCKEY,** | : | Civil No. 1:11-CV-00436 |
| **Plaintiff** | : | **(Magistrate Judge Carlson)** |
| v. | : | |
| **D. BLESSING, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM OPINION AND ORDER

In the above-captioned action, the plaintiff, Kevin Lee Stuckey has brought claims against several corrections officers at the Snyder County Prison, alleging that these officers used excessive force against him during an incident that occurred at the prison on July 26, 2010. Stuckey brings his claims under 42 U.S.C. § 1983.

Jury selection and trial in this is scheduled to begin on Monday, April 22, 2013. In advance of trial, the parties have each submitted motions in limine seeking the exclusion or admission of certain evidence at trial, sequestration of witnesses, and modification of the proposed jury instructions. (Docs. 115, 117.) These motions are pending before the Court, and are the subject of this order. For the reasons that follow, the motions will be granted in part and denied in part.

## II. DISCUSSION

We will address each of the issues raised in the parties' respective motions *seriatim*.

### A. The Defendants May Not Introduce Evidence of the Plaintiff's *Nolo Contendere* Plea to Charges of Aggravated Assault

The defendants seek to introduce evidence that following the July 26, 2010 incident, the plaintiff was charged with aggravated assault for his conduct during the incident, and that he entered a *nolo contendere* plea to those charges. The defendants submit that the plaintiff's plea to these charges is relevant to the jury's consideration of whether the force that the officers used against the plaintiff during the incident was reasonable under the circumstances. The defendants further urge the Court to disregard Rule 410 of the Federal Rule of Evidence, which bars the introduction of *nolo contendere* pleas at trial, arguing that to prohibit the introduction of this evidence by the defendants will unfairly benefit the plaintiff, and will keep relevant information from the jury. We disagree.

"[A] plea of nolo contendere is not an admission of guilt," although "it has the same legal consequences as a plea of guilty and results in a conviction." United States v. Adedoyin, 369 F.3d 337, 344 (3d Cir. 2004) (citation omitted). With respect to such pleas, Rule 410 of the Federal Rules of Evidence states clearly, in relevant part, that:

> Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:
>
> (1)  a plea of guilty which was later withdrawn;
>
> (2)  a plea of nolo contendere . . . .
>
> * * *

Fed. R. Evid. 410.

Acknowledging this evidentiary rule, the defendants nevertheless argue that they should be permitted to introduce evidence that the plaintiff entered a *nolo contendere* plea to charges of aggravated assault, since this charged conduct occurred during the incident that gave rise to the plaintiff's claims that the officers used excessive force against him. As support for this argument, the defendants rely on Domitrovich v. Monaca, No. 2:08CV1094, 2010 WL 3489137 (W.D. Pa. Sept. 1, 2000), a case that we find actually undermines the defendants' position.

In Domitrovich, the plaintiff brought a civil rights action seeking damages for alleged violations of his constitutional rights following his arrest and prosecution on charges of aggravated assault, disorderly conduct, criminal mischief, driving under the influence, and public drunkenness. Id. at 4. The plaintiff brought claims against the arresting officer for false arrest, malicious prosecution, and excessive force. In a decision addressing the defendant officer's motion for summary judgment, the district

3

court found that the plaintiff was barred from pursuing his claims for false arrest and malicious prosecution under the doctrine of collateral estoppel, since the plaintiff had entered a *nolo contendere* plea to reduced charges of resisting arrest and simple assault in exchange for the Commonwealth's agreement to *nolle pros* the remaining charges. The court found that the "very fact that Plaintiff admitted to striking an officer in pleading *nolo contendere* to simple assault shows there was probable cause for an arrest, which is all that is required. Plaintiff is estopped from contending otherwise." Id. at *6.

In addition, the court concluded that the fact of the plaintiff's *nolo contendere* plea operated to bar the plaintiff's claim for malicious prosecution because as part of his plea, the plaintiff admitted to facts that established the elements of simple assault and resisting arrest. Accordingly, the plea "thus establish[ed] there were grounds to prosecute these two charges . . . ." Id. In so finding, the district court rejected the plaintiff's contention that collateral estoppel should not be found applicable because he entered a *nolo* plea rather than a guilty plea, and the court further disagreed with the plaintiff's suggestion that Rule 410 operated an absolute bar to the court even considering the plaintiff's *nolo contendere* plea when evaluating whether the plaintiff's claims were legally viable. Id.

In this regard, the court observed that although a *nolo* plea is not admissible

under Rule 410, "it does not follow that the defendant who entered the plea can disregard it and pursue liability against the state actors without restraint." Id. In reaching this conclusion, the court was not making a ruling regarding the admissibility of evidence of a *nolo contendere* plea at trial; the court was instead relying on the fact of such a plea to find that the plaintiff's civil rights claims were barred by principles of estoppel and the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), which generally bars a plaintiff from bringing "a collateral attack on [a criminal] conviction through the vehicle of a civil suit." 512 U.S. at 485-86. In essence, the Supreme Court's holding in Heck prevents a plaintiff from prosecuting a civil action that would effectively challenge the legality of his criminal conviction unless and until the plaintiff's conviction is reversed, expunged, or otherwise declared invalid. Id.

Notably, however, the district court also found that the plaintiff's excessive force claim was *not* barred by the doctrines of collateral or judicial estoppel, or by Heck. In making this distinction between the plaintiff's claims of unlawful arrest and malicious prosecution, on the one hand, and allegations of excessive force on the other, the district court was following well-established precedent from the Third Circuit Court of Appeals, beginning with Nelson v. Jashurek, 109 F.3d 142 (3d Cir. 1997).

5

In Jashurek, the Third Circuit held that a § 1983 plaintiff's prior *nolo contendere* claim to resisting arrest did not necessarily operate to bar the plaintiff's subsequent excessive force claim because "the fact that [the officer] was justified in using 'substantial force' to arrest [the plaintiff] does not mean that he was justified in using an excessive amount of force and thus does not mean that his actions in effectuating the arrest necessarily were objectively reasonable." Id. at 145. The See also Lora-Pena v. F.B.I., 529 F.3d 503, 506 (3d Cir. 2008) (same).

More recently, in Garrison v. Porch, 376 F. App'x 274 (3d Cir. 2010), the Third Circuit relied on Jashurek, and rejected a district court's conclusion that because the plaintiff in Garrison had pled guilty to assaulting the arresting officer, the force that the officer used to take the plaintiff into custody could not, as a matter of law, been excessive. Id. at 278. The Third Circuit explained:

> Porch here argues that because Garrison pled guilty to assaulting the arresting officer, the force Porch used in taking Garrison into custody could not have been excessive. However, the fact that Garrison's threatened or attempted use of force was unlawful does not automatically mean that there is no use of force that Porch could have used in response which could have risen to the level of unreasonable and excessive. Porch was still constrained to use only the level of force which was reasonable to bring Garrison into custody. While the fact that Garrison was acting in an unruly and threatening manner certainly factors into the totality of the circumstances and may have justified a greater use of force than would have been reasonable had Garrison been peaceful and cooperative, it certainly did not

6

> dispense with the reasonableness requirement altogether.

Id. at 278. In reaching this holding the court of appeals observed that it had not squarely addressed the question of whether a simple assault conviction necessarily serves as a bar to a § 1983 excessive force claim under Heck, but noted that other courts of appeal considering similar cases generally agreed that "the mere fact of a conviction for assault of similar conviction arising out of the same incident does not automatically preclude recovery on an excessive force claim brought under § 1983. Id. (collecting cases).

Applying these legal considerations to the instant case, we agree with the plaintiff that the defendants should not be permitted to introduce the fact of his *nolo contendere* plea at trial. As an initial matter, Rule 410 of the Federal Rules of Evidence states that such a plea is not admissible in a civil action. Furthermore, the legal authority upon which the defendants rely as support for introducing evidence of the *nolo* plea actually undercut the defendants' arguments, since the court in Domitrovich did not hold that evidence of a *nolo contendere* plea would be admissible in cases where a plaintiff had alleged that officers used excessive force; in fact, the district court concluded only that the plaintiff's plea in his criminal proceedings did not bar his claim for excessive force. In reaching this conclusion, the district court followed settled precedent in the Third Circuit, as discussed above. Nowhere in

7

Domitrovich did the court find that the plaintiff's plea would be admissible in spite of Rule 410 with respect to the claim for excessive force.

In sum, we do not believe the defendants have demonstrated that evidence of the plaintiff's *nolo contendere* plea should be admissible in this case notwithstanding Rule 410's preclusion of such evidence, and we will therefore deny the defendants' request for permission to introduce regarding this plea at trial.

> **B.** **The Defendants Will Be Permitted to Introduce Evidence of the Plaintiff's Prior Felony Convictions To The Extent That This Information was Known to the Defendant Correctional Officers at the Time of This July 26, 2010 Incideent**

The plaintiff, in turn, seeks to restrict the defendants' ability to testify about his criminal history, with the exception of crimes involving dishonesty. The plaintiff provides no legal support for this argument, but we infer that he is contending that evidence of prior violent conduct should not be admissible because it will be unduly prejudicial and improperly offered as evidence of other criminal conduct or violent acts offered in order to prove that the plaintiff's conduct on July 26, 2010, conformed to his prior violent conduct.

Rule 402 of the Federal Rules of Evidence provides that "evidence which is not relevant is not admissble." "Relevant evidence," in turn, is defined in Federal Rule of Evidence 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less

probable than it would be without the evidence." Considering this evidence in the context of the claims brought in this case, if the individual corrections officers were aware of the plaintiff's prior criminal conduct, propensity for violence, or disciplinary issues while incarcerated, and this information helped to form a basis to assess the threat level that the plaintiff presented, then "knowledge of such history would be relevant to the inquiry as to whether the force used against Plaintiff was reasonable under the circumstances." Smith v. City of Philadelphia, Civ. A. No. 06-4312, 2009 WL 3353148, at *2 (E.D. Pa. Oct. 19, 2009) (claims of excessive force against corrections officers) (citing Virgin Islands v. Carino, 631 F.2d 226, 229 (3d Cir. 1980) ("If it can be established that the accused knew at the time of the alleged crime of prior violent acts by the victim, such evidence is relevant as tending to show a reasonable apprehension on the part of the accused.")).

Federal Rule of Evidence 404(b), in turn, imposes some limitation on the admissibility of prior crimes and bad acts, and provides that "evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Thus, the plaintiff's prior criminal conduct and discipline while in custody is inadmissible to the extent it is offered to prove that the plaintiff behaved violently during the incident on July 26, 2010. See United States v. Scarfo, 850 F.2d 1015, 1018 (3d Cir. 1988) ("Federal Rule of Evidence 404(b)

generally prohibits the admission into evidence of extrinsic acts intended to prove [a partys] propensity for crime or to suggest to the jury unfavorable inferences reflecting on his character.").

However, although Rule 404(b) prohibits the introduction of such evidence to prove propensity for violence of criminal conduct, the Rule does permit the admission of evidence of prior crimes or bad acts if they are offered for another recognized and acceptable purpose:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b). The Third Circuit has directed district courts to apply a four-part test in order to determine whether to admit evidence under Rule 404(b): (1) the evidence must have a proper purpose; (2) the evidence must be relevant; (3) the probative value of the evidence must outweigh its potential for unfair prejudice; and (4) if the evidence is permitted, the court must charge the jury to consider the evidence only for the limited purpose for which it is admitted. United States v. Rahamin, 168

F. App'x 512, *519, 2006 WL 436021, *4 (3d Cir. 2006) (citing United States v. Cruz, 326 F.3d 392, 395 (3d Cir. 2003); see also United States v. Sampson, 980 F.2d 883, 888 (3d Cir. 1992). Moreover, although Rule 404(b) sets forth certain proper purposes for introducing evidence of prior crimes or bad acts, the list of permissible uses contained in the rule "is neither exhaustive or conclusive." Smith, Civ. A. No. 06-4312, 2009 WL 3353148, at *3 (quoting United States v. Mendez-Ortiz, 810 F.2d 76, 79 (6th Cir. 1986); see also Scarfo, 850 F.2d at 1019 ("The possible uses of other crimes evidence listed in the Rule . . . are not the only proper ones."). Thus, to the extent this evidence is offered for purpose found to be permissible, it will be admissible subject only to the limitations imposed by Rules 402 and 403 of the Federal Rules of Evidence.[1]

---

[1] Rule 403 of the Federal Rules of Evidence provides that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. The Third Circuit has cautioned that "pretrial Rule 403 exclusions should rarely be granted. . . . Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 453 (3d Cir. 1994) (noting that the Third Circuit's "cautious approach to Rule 403 exclusions at the pretrial stage . . . ."). Moreover, the Third Circuit has

In this case, the plaintiff has not articulated any persuasive reason why evidence of his past criminal or violent conduct should be absolutely prohibited at trial, and we find that there may be good reason under Rules 402 and 404(b) to permit the introduction of this evidence, provided that the defendants provide a proper basis for doing so at trial. In any event, there is no basis to enter an order prior to trial that would foreclose the introduction of this evidence, notwithstanding its potential prejudice to the plaintiff, given its potential probative value to the jury's consideration of the issues in this case.

In addition, Federal Rule of Evidence 609(a) allows for the introduction of evidence of a party's or witness's convictions for prior felonies in order to attack the truthfulness of the party or witness. Specifically, Rule 609(a) provides that a witness's prior criminal conviction may be introduced for purposes of impeachment "if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, Fed. R. Evid. 609(a)(1), or if the "crime required proof or admission of an act of dishonesty or false statements," Fed. R. Evid. 609(a)(2). The admission of such impeachment evidence is generally limited to

---

characterized Rule 403 as a "trial-oriented rule" such that "[p]recipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are . . . unfair and improper." In re Paoli R. Yard PCB Litig., 916 F.2d at 859.

convictions that occurred within the previous ten years unless the court concludes that the probative value of an older conviction, as "supported by specific facts and circumstances" surrounding the case, "substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b).

Rule 609(a) makes clear that evidence of felony convictions is indeed relevant to a jury's effective evaluation of witness credibility. Rule 609(a) states that the evidence of a witness's felony conviction "shall be admitted" except for those instances where Rule 403 or the time limit of Rule 609(b) demands otherwise. Rule 609 is based upon the "common sense proposition" that an individual who has "transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath." See Walden v. Georgia–Pacific Corp., 126 F.3d 506, 523 (3d Cir.1997). Its purpose is to aid the jury in assessing the credibility of a witness. Id. In this case, witness credibility will play a decisive role in the jury's decision-making process. As such, the defendants should not be excluded from pointing out the plaintiff's felony history during cross examination.

In this case, the defendants have indicated their intention to introduce evidence of the plaintiff's prior convictions for violent crimes that occurred in 2009, including a crime of violence "with intent to terrorize another, simple assault, intimidation of witnesses or victims, repeated communications to another person which demonstrates

intent to place a person in fear, and false imprisonment," all of which were committed within the past 10 years. (Doc. 121.) In addition, the defendants note that the evidence of prior violent conduct is probative of the defendants' perception of the plaintiff as presenting a threat to their safety was reasonable.

Upon consideration, we do not find that the plaintiff has offered any substantial basis to exclude evidence regarding his prior felony criminal conduct occurring within the past 10 years. We believe that such evidence is likely to have direct relevance to the issues in this case, to the extent that the officers actually were aware of the plaintiff's criminal history and prior conduct. Moreover, we find that this evidence is otherwise admissible for impeachment purposes under Rule 609(a), regardless of whether the officers were previously aware of the plaintiff's criminal history, because the evidence bears upon the plaintiff's propensity to commit perjury, and is thus relevant to the jury's credibility assessment in this case. The plaintiff's motion to exclude evidence of his prior violent conduct, or felony crimes committed within the past 10 years, will be denied.

### C. Sequestration

The plaintiff has also requested that witnesses be sequestered at trial. The defendants have agreed that witnesses should be sequestered at trial, but maintain that parties to the action should not be sequestered. (Doc. 121.) We agree.

"Upon a party's request, Federal Rule of Evidence 615 requires a district court to order the sequestration of witnesses." United States v. Gonzaelez, 918 F.2d 1129, 1137 (3d Cir. 1990); see also Fed. R. Evid. 615. There are only three exceptions to this rule. Pursuant to Rule 615, a district court is not authorized to sequester a witness who is: (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause. Fed. R. Evid. 615. In accordance with the parties' agreement and this rule, we will order the sequestration of all witnesses who are not parties to this action, or who otherwise are covered by one of the three exceptions provided by Rule 615.

### D. Jury Instructions

The plaintiff has objected to two of the defendants' proposed jury instructions regarding claims of excessive force, contending that the Third Circuit Model Jury Instructions adequately cover and explain the relevant legal issues to the jury. We agree with the plaintiff, and as we foreshadowed for the parties during the pretrial

conference, we intend to provide the jury with instructions that conform to the Model Instructions developed by the Third Circuit, as we find that such instructions are clear, sufficiently state the correct legal standard, and are likely to avoid unnecessary confusion. See Third Circuit Model Civil Jury Instructions §§ 4.9 and 4.10.

Those model instructions carefully and clearly inform the jury that they must evaluate whether the force used in a given situation was reasonable under the circumstances the officers faced, and thus conforms to the law in this field. See Graham v. Connor, 490 U.S. 386, 395 (1989); Sharrar v. Felsing, 128 F.3d 810, 822 (3d Cir. 1997). We do not agree with the defendants that additional instructions are necessary or helpful here, and though we can appreciate the defendants' desire to include additional instructions that might emphasize matters that they believe may assist the jury's evaluation of the evidence in this case, we do not believe that the requested instructions are necessary.

The Third Circuit has instructed that jury instructions must "fairly and adequately submit [] the issues in the case to the jury." United States v. Petersen, 622 F.3d 196, 202 (3d Cir. 2010) (quoting United States v. Hart, 273 F.3d 363, 373 (3d Cir. 2001)). District courts have "broad discretion in fashioning a jury charge as long as it communicates 'the substance of the law' so the jury is not misled or confused." Id. (quoting United States v. McGill, 964 F.2d 222, 235 (3d Cir. 1992)). The Third

Circuit has suggested that its own model instructions are presumptively reasonable, unless there is some credible argument that the model instruction is, in fact, wrong. See Petersen, 622 F.3d at 208 ("The district court's instruction on intent is taken verbatim from those model instructions. We have a hard time concluding that the use of our own model jury instruction can constitute error, and nothing that Dorsett says removes our doubt that use of such an instruction can constitute error.").

We do not find that the defendants have persuasively demonstrated that different or supplemental jury instructions are necessary or warranted in this case, and accordingly the court will provide the jury with instructions that conform to those included in the Third Circuit Model Jury Instructions, and which we have shared with the parties in advance of trial.

### III. ORDER

Accordingly, for the foregoing reasons, the parties motions in limine (Docs. 115, 117) are GRANTED in part and DENIED in part as follows:

1. The defendants shall not introduce the fact of the plaintiff's *nolo contendere* plea to charges of aggravated assault.

2. The plaintiff's request to preclude the defendants from introducing evidence of his prior felony convictions or propensity for violence, of which they were aware, is denied. The defendants shall be permitted to introduce such evidence under Rule 404(b), provided they provide a proper basis for doing so. Additionally, the defendants shall be permitted to introduce this evidence for impeachment purposes under Rule 609(a).

17

3. Witnesses, other than parties, shall be sequestered at trial.

4. The defendants' request to include additional instructions regarding claims of excessive force, which go beyond the instructions provided in the Third Circuit Model Civil Jury Instructions, is denied.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge

Dated: April 16, 2013